WM. H. ABRAMS *v.* WM. and JAMES JAY.

Where a rule is taken to set aside an order of seizure and sale, and dismissed—*Held:* That where the plaintiff *assented* to the rule by going to trial, without objection, on its merits, the time occupied by such proceedings interrupts the delay allowed by law to the defendants to prosecute a suspensive appeal.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Thomas Curry,* for plaintiff. *Race & Foster,* for defendants and appellants.

On a motion to dismiss.

LAND, J. This case comes before us on a suspensive appeal taken by the defendants from an order of seizure and sale granted on certain mortgage notes.

The plaintiff moves to dismiss the appeal, on the ground that it was granted after the lapse of more than ten days from the notification of the order of seizure to the defendants.

The facts are these: The order of seizure and sale was granted on the 28th of May, 1861, and was on the same day notified to the defendants; three days afterwards, to wit, on the 1st of June, the defendants took a rule on the plaintiff to show cause why the order should not be set aside on certain specified grounds. On the 8th of June following, the rule was discharged; and on the 17th thereafter a suspensive appeal was granted by the Judge from the order of seizure of the 28th of May. Three days elapsed from the notification of the order to the taking of the rule to set it aside; and from the discharge of the rule to the granting of the appeal, nine days elapsed, including however two Sundays.

It may be observed, that if the days during which the rule was pending be not computed, then the appeal was taken on the tenth judicial day from the notification of the order, and was in time to suspend its execution. The District Judge appears to have considered the rule as suspending further proceedings in the case; and consequently as interrupting the delay allowed by law to the defendants to prosecute a suspensive appeal.

As the plaintiff *assented* to the rule by going to trial, without objection, on its merits, we must for the purposes of this case, consider the proceeding as authorized by the rules of practice, and as having the legal effect given to it by the District Judge in granting to the defendants a suspensive appeal.

It is therefore ordered, adjudged and decreed, that the motion filed by the plaintiff to dismiss the appeal in this case, be overruled.